**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY)**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 5:10-cv-0921 |
| v. ) ) | **C O M P L A I N T** |
| MIKE ENYART & SONS, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Mareo R. Allen who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7(a) through (j) below, Defendant Mike Enyart & Sons, Inc. ("Defendant Employer"), discriminated against Mr. Allen by failing to take prompt or effective action upon both actual and constructive notice that he was being subjected to a racially hostile work environment created by his co-workers. In addition, the Commission alleges that Defendant retaliated against Mr. Allen by discharging him after he complained and refused to refrain from pursuing discrimination claims against Defendant. As a result of the racial harassment and retaliation, Mr. Allen has suffered mental and emotional distress damages and lost back pay and front pay.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(g)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(g)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of West Virginia in Beckley, West Virginia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(g)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(g)(1) and (3).

4. At all relevant times, Defendant, Mike Enyart & Sons, Inc. has continuously been an Ohio corporation doing business in the State of West Virginia and the City of White Sulphur Springs, West Virginia and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Allen filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 9, 2009, Defendant Employer engaged in unlawful employment practices at its White Sulphur Springs, West Virginia location, in violation of 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

a. Defendant Employer is a water/sewer/utility construction and excavation contractor. Headquartered in South Point, Ohio, it installs state and federally funded water and sewer lines. At the time in question, Defendant Employer was installing sewer lines in White Sulphur Springs, West Virginia.

b. Commencing on or about July 9, 2009, and continuing through August 31, 2009, Defendant tolerated, condoned and subjected Mr. Allen to a work environment that was hostile and offensive to him because of his race, Black.

c. The hostile work environment consisted of frequent, daily racial epithets and other racially motivated statements made by three co-workers and a foreman that were demeaning, racially offensive, and directed toward Mr. Allen and other Black persons. The epithets included, *inter alia,* terms such as "nigger," "black boy," "colored boy," and "boy."

d. The co-workers also engaged in threatening language and conduct, such as stating words to the effect that President of the United States Barack Obama would be assassinated; without permission, using a knife to cut Mr. Allen's belt while Allen was wearing it; and spray painting a swastika on company equipment, showing it to Mr. Allen

3

and then laughing derisively.

  e.  Mr. Allen objected to and was deeply offended by the aforementioned conduct.

  f.  Defendant Employer did not have a policy forbidding racial harassment nor did it otherwise advise its managers or employees of a mechanism to complain about racial harassment.

  g.  On or about Monday, August 31, 2009, Mr. Allen presented Defendant Employer with a written complaint about the racial harassment and a photograph of the swastika graffiti on the company's equipment.

  h.  Upon receipt of the written complaint and photograph, Defendant Employer conducted a meeting with Mr. Allen and the offending co-workers. However, Defendant Employer failed to take reasonable corrective action in response to its notice of the racial harassment. Instead, Defendant Employer told Mr. Allen that he could only continue his employment with Defendant if he agreed to refrain from pursuing discrimination claims against it.

  i.  Mr. Allen refused to refrain from pursuing his discrimination claims.

  j.  As a result, Defendant Employer retaliated against Mr. Allen by declining to permit him to continue his employment.

  8.  The effect of the practices complained of in paragraphs 7(a) through (j) above has been to deprive Mr. Allen of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black, and in retaliation for his conduct protected under Title VII, i.e., his complaint in opposition to racial harassment and participation in Title VII proceedings.

9. The unlawful employment practices complained of in paragraphs 7(a) through (j) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7(a) through (j) above were done with malice or with reckless indifference to the federally protected rights of Mr. Allen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in the creation of a racially hostile environment.

B. Grant a permanent injunction enjoining Defendant Employer, its owners, shareholders, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against any individual who opposed any practice made an unlawful employment practice by this subchapter, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing regarding any matter prohibited by Title VII.

C. Order Defendant Employer to make whole Mr. Allen by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Mr. Allen or front pay in lieu thereof.

D. Order Defendant Employer to make whole Mr. Allen by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraphs 7(a) through (j) above, such as relocation expenses, job search expenses, medical expenses and other expenses incurred by Mr. Allen, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Allen by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (j) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Mr. Allen punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (j) above, in amounts to be determined at trial.

G. Order Defendant Employer to adopt, implement and disseminate to employees a reasonable and effective anti-harassment policy and complaint procedure and to provide appropriate training to personnel who handle such complaints.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

R. BOOTH GOODWIN II
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

By: _s/Stephen M. Horn_

STEPHEN M. HORN
ASSISTANT UNITED STATES ATTORNEY
W. Va. Bar No. 1788
300 Virginia Street, East, Suite 4000
Charleston, WV 25301
(304) 345-2200
(304) 347-5104 (facsimile)

For: EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
(410) 209-2734
(410) 962-4270 (facsimile)

RONALD L. PHILLIPS
ACTING SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
(410) 209-2737
(410) 962-4270 (facsimile)

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5843
(412) 395-5749 (facsimile)