IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO. 5:10-cv-00921 |
| v. | )<br>)<br>) |
| MIKE ENYART & SONS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## CONSENT DECREE

### THE LITIGATION

1.  Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant Mike Enyart & Sons, Inc., ("Mike Enyart & Sons" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by subjecting Charging Party Mareo Allen ("Charging Party") to racial harassment and to retaliatory discharge.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims stated in the Complaint filed by the EEOC.

## FINDINGS

3.  Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.  This Court has jurisdiction of the subject matter of this action and of the parties.

b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Mike Enyart & Sons, Inc., Charging Party, and the public interest are adequately protected by this Decree.

c.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## DEFINITIONS

A.  As used in this Consent Decree, the term, "employee," shall mean any person who performs work for the Defendant, at any of its locations, except any person considered to be an independent contractor.

B.  As used in subsequent paragraphs of this Consent Decree, the term "complaint" shall mean any allegation or report made by any person, whether substantiated by evidence or not, whether made in conformity with Defendant's established procedures or not (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential harassment

or discrimination committed against any Mike Enyart & Sons employee, whether the Mike Enyart & Sons employee is the complainant or not.

## INJUNCTION

4.   Mike Enyart & Sons, Inc., its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from: (a) engaging in any employment practice that discriminates on the basis of race, including but not limited to hiring, firing, and promoting; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any applicant or employee on the basis of race; and, (c) creating, facilitating or tolerating the existence of a work environment that is hostile to any employees because of their race.

5.   Mike Enyart & Sons, Inc., its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted, or intend to assert, or refuse to refrain from asserting any rights under this Decree.

6.   Defendant shall conduct a reasonably prompt and thorough investigation of each complaint or report (whether formal or informal, verbal or written) of racial or retaliatory harassment or other discrimination made during the term of this Decree regarding an employee. Defendant shall take action reasonably calculated to prevent and to correct racial or retaliatory harassment against any employee.

## MONETARY RELIEF

7. Defendant shall pay monetary relief to Charging Party Mareo Allen in the amount of $87,205.00. Of this amount, $47,205.00 shall constitute back pay and $40,000.00 shall constitute punitive damages.

8. Defendant shall pay the aforementioned back pay damages in the amount of $47,205.00 (less any applicable federal, state or local payroll tax) by check made payable to Mareo Allen not later than ten (10) days after entry of this Decree by the Court. Defendant shall mail the aforementioned check(s) to Mr. Allen by certified mail at an address to be provided by the EEOC. Within three (3) days of such payment, Defendant shall send a photocopy of the check payable to Mareo Allen, along with a photocopy of the Certified Mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

9. Defendant shall pay punitive damages to Charging Party in the aforementioned amount of $40,000.00. This monetary relief shall be paid in four (4) payments by check in the amount of $10,000.00 each made payable to Mareo Allen in accordance with the following delivery schedule: (a) the first check shall be paid not later than three (3) months after entry of this Decree by the Court; (b) the second check shall be paid not later than six (6) months after entry of this Decree by the Court; (c) the third check shall be paid not later than nine (9) months after entry of the decree by the Court; and (d) the fourth check shall be paid not later than twelve (12) months after entry of this Decree by the Court. Defendant shall mail each of the aforementioned checks to Mr. Allen by certified mail at an address to be provided by EEOC. Within three (3) days of each payment, Defendant shall send a photocopy of the check payable to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

Failure to make any payment within the time set for payment in this Paragraph shall constitute a material breach of the parties' agreement and noncompliance with this Decree for which Defendant and Michael Enyart shall pay, for each day Defendant is late in making payment to Charging Party Allen, interest compounded at the IRS quarterly rate for unpaid taxes, for all payment in arrears.

10. After the conclusion of each calendar year in which payment is made to Mr. Allen, Defendant shall promptly issue to him an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-Misc for the monetary relief amount constituting punitive damages.

11. Defendant's owner Michael Enyart shall serve as guarantor of any and all monetary relief payments required to be made by Defendant under the terms of this Consent Decree. In the event that the Defendant is unable to pay any amount required to be paid in the foregoing paragraphs, such amount(s) shall be paid by Mr. Enyart in accordance with the terms of this Decree.

12. Until it has made full payment of monetary relief provided by this Consent Decree, Defendant shall not be sold or take any action that would prevent it from making full payment of monetary relief to the above-referenced claimant. Defendant agrees that if there is any attempt to sell, or a sale of, the Defendant and/or its assets before the payment of any monetary relief due under this Decree, the balance of all monetary relief payments yet to made under the Decree shall be immediately due and payable. If Defendant fails to make any payment of monetary relief in full in accordance with the payment schedule set forth above, then the principal sum of the unpaid balance shall become immediately due and payable.

## OFFER OF EMPLOYMENT TO MAREO ALLEN

13.     Defendant shall offer to hire Mareo Allen as a laborer, to include the present pay rate for such position and any and all applicable benefits. Such offer shall be made as soon as practicable for the first position that becomes available after this Decree is entered by the Court. Mr. Allen shall have fourteen (14) calendar days after receipt of such offer to accept it, and if not accepted within that period, the offer shall be considered rejected. The offer shall be made in writing and shall identify the position offered, the pay rate for such position, any and all applicable benefits (if any), the start date, contact person, the fact that the offer must be accepted within fourteen (14) days or it is considered rejected, the geographic location of the job in question (including street address), and the name and title of the persons who will serve as Mr. Allen's immediate supervisors. Defendant shall mail the aforementioned reinstatement offer by certified mail. Within seven (7) days of the offer, as well as receipt of Mr. Allen's response to such offer, Defendant shall send a photocopy of the offer and response (if any), along with a photocopy of the Certified Mail receipt, to EEOC counsel of record in this matter.

## POSTING OF NOTICE

14.     Within five (5) business days following entry of this Decree, Mike Enyart & Sons, Inc. shall post copies of the Notice, attached hereto as Exhibit A, at its facility in South Point, Ohio and at each of its field offices. Defendant shall post this Notice on the bulletin boards usually used by Defendant for communicating with its employees. The Notices shall remain posted for five (5) years from the date of entry of this Decree. Mike Enyart & Sons, Inc. shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Defendant shall certify to the EEOC

in writing within ten (10) business days after entry of the Decree that the Notices have been properly posted. Mike Enyart & Sons, Inc. shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EEO POLICIES AND PROCEDURES

15. Defendant shall create and implement a policy or policies that explain, define, and prohibit discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees, and harassment and retaliation on the basis of national origin, sex, race, religion, or color and which contain related complaint procedures. These policies and procedures shall be drafted in plain and simple language. Defendant shall ensure that its policy against discrimination, harassment and retaliation and related complaint procedures meet the following minimum criteria:

    (a) state that Defendant: (i) prohibits discrimination against employees on the basis of national origin, sex, race, religion, or color in violation of Title VII; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination under Title VII; (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of national origin, sex, race, religion or color in violation of Title VII; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as, but not limited to,

7

physical or verbal abuse and/or derogatory comments based on national origin, sex, race, religion or color in violation of Title VII;

(b) include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment and retaliation, which shall meet the following minimum criteria: (i) provides effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provides that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identifies employees to whom an employee can make a complaint, including permitting employees to report a claim of harassment or retaliation directly to his or her supervisor, manager, or directly to Defendant's owner or President, but shall under no circumstances require complaints to the person who is allegedly perpetrating the harassment; (iv) encourages prompt reporting by employees; and (v) provides assurances that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

(c) provide for prompt investigation of complaints of harassment and/or retaliation;

(d) provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed;

(e) provide for discipline up to and including immediate discharge of an employee, supervisor, or manager who violates Defendant's policy or policies against discrimination, harassment and retaliation, and for increasingly severe

8

discipline of repeat offenders unless immediate discharge is warranted after a first complaint based upon the nature of the conduct reported;

(f) provide that supervisors and managers have a duty to actively monitor the work environment to ensure that it is free of harassment or retaliation;

(g) require supervisors and managers to document and to report observations or complaints of harassment or retaliation to a designated manager or owner;

(h) advise that supervisors or managers who fail to report or address known or suspected harassment will be subjected to disciplinary action, up to and including termination; and,

(i) ensure that the explanation of retaliation: (i) includes information that employees are protected against retaliation because he or she "participated in or cooperated with the investigation of a charge or complaint"; (ii) advises that prohibited retaliation may include conduct by supervisors, managers, or co-workers; and, (iii) advises employees to report retaliatory conduct in the same way that harassment is to be reported.

16. Defendant shall distribute to all of its employees its policy and procedures against discrimination, harassment and retaliation within 90 days after entry of this Consent Decree. Defendant shall distribute a copy of its policy and procedures against discrimination, harassment and retaliation to each subsequently hired employee at the time of hire.

## DOCUMENTATION AND RECORD RETENTION PRACTICES

17. Regarding each complaint or report (whether formal or informal, verbal or written) of harassment based on any Title VII protected basis or retaliatory harassment

9

or other discrimination made during the term of this Decree by a employee, Defendant shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title and social security number of the complainant; the date of the report or complaint; the specific allegations of harassment or discrimination that were made; the name, home address, home telephone number and cell phone number (as applicable), job title and social security number of each alleged perpetrator and potential witness; the complete substance of any statements made by each alleged perpetrator and each witness who was interviewed; a description of actions taken to investigate the report or complaint; and a description of Defendant's conclusions regarding the report or complaint and any corrective action in response to the report or complaint. Defendant shall also retain with the investigative file any other documents created or obtained in relation to a report or complaint, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all of the aforementioned records for the duration of this Decree.

18. For the duration of this Decree, Defendant shall retain all personnel, payroll and other documents of any character related to any person complaining of or otherwise reporting race or retaliatory harassment or other discrimination.

19. For the duration of this Decree, Defendant shall retain all personnel, payroll and other documents of any character related to any person who was accused of such conduct or who is known to be a relevant witness.

20. Defendant's obligation to maintain records, as set forth in Paragraphs 17, 18, and 19 above, is not intended to nor does it limit or replace Defendant's obligation to

retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14. Defendant shall comply with 29 C.F.R. §1602.14.

21. Defendant shall make all documents that are the subject of Paragraphs 17, 18, and 19, above, available for inspection and copying within ten (10) days of receiving a request from EEOC for such documents.

## REPORTING

22. Mike Enyart & Sons, Inc. shall furnish to the EEOC the following written reports semi-annually for a period of five (5) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due fifty-nine (59) months after entry of the Decree. Each such report shall contain (a) a copy of the investigative file and any related documents that are the subject of Paragraphs 17, 18, and 19, above; and (b) a certification by Mike Enyart & Sons, Inc. that the Notice and Policy required to be posted in Paragraph 14, above, remained posted during the entire six (6) month period preceding the report.

## EEO TRAINING

23. Defendant shall provide to all supervisory and management personnel not less than one (1) hour of training regarding racial and retaliatory harassment and discrimination made unlawful by Title VII, with particular focus on defining such conduct, company policies prohibiting such conduct (including but not limited to the fact that Defendant's policies and procedures regarding harassment and discrimination prohibited by Title VII and related complaints are applicable to all employees), the penalties for engaging in such conduct, the duty to monitor the work environment to ensure such conduct is not occurring, the duty to report complaints or observations of such conduct to human resources and/or management officials, the penalties for not

reporting such conduct, and other germane topics. This training shall be provided within thirty (30) days of entry of this Decree, and on the first day of work for all new hires in supervisory and management positions thereafter.

24. Defendant shall provide all non-supervisory employees with not less than one (1) hour of training regarding its policies prohibiting harassment and discrimination made unlawful by Title VII and any related complaint procedures. This training shall be provided within thirty (30) days of entry of this Decree, and on the first day of work for all new employees thereafter. The training shall be provided in a language understood by the employees.

25. At Defendant's option, it may video-record the first training session conducted in accordance with Paragraphs 23 and 24, above, and may then present the video for all successive trainings required by this Decree in lieu of presentation by a live speaker. However, if Defendant exercises this option, it shall assign a management official with reasonable knowledge of the subject matter of the training to be present, and monitor the video training, and to answer any questions from trainees.

26. Mike Enyart & Sons, Inc. shall also provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written material provided to the participants of the training sessions.

## EEO INVESTIGATION AND CORRECTIVE ACTION TRAINING

27. Defendant shall retain, at its own expense, a qualified third-party consultant to provide Defendant with not less than eight (8) hours of training regarding exercising reasonable care when (i) receiving complaints of harassment or discrimination made unlawful by Title VII, (ii) conducting investigations of harassment and discrimination, and (iii) formulating prompt and effective preventive and corrective

action in response to harassment and discrimination. All Defendant personnel whose job duties include receiving complaints of harassment or discrimination, conducting harassment or discrimination investigations, and/or making decisions regarding preventive and corrective action, shall be required to complete such training. This training shall be provided within sixty (60) days of entry of this Decree, and within fourteen (14) days of the start of employment for all new hires in such positions. The EEOC must be notified, in writing, as to the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method of presentation, length of training course, and the name and job title of each attendee within one (1) month of such training.

28. Defendant shall ensure that the investigation and corrective action training provided by the qualified third-party consultant as required in Paragraph 27, above, shall include at least the following matters:

(a) legal obligations concerning harassment and discrimination investigations;

(b) investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques and other sources of evidence in harassment and discrimination investigations;

(c) types of preventive and corrective actions and applicable legal obligations;

(d) that information regarding past complaints, allegations or investigations of harassment or discrimination of a similar nature and involving the same individual alleged to have committed harassment or discrimination must be considered highly relevant evidence in the pending inquiry;

(e) that Defendant personnel are required to research whether such past complaints or investigations exist by reviewing complaint and disciplinary records regarding the existence and details of any relevant prior complaints or investigations;

(f) that former employees may be sources of highly relevant evidence and should be contacted when appropriate;

(g) the significance of corroborative testimonial or documentary evidence in a harassment investigation, the need to investigate whether such evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

(h) techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and an absence of corroboration;

(i) that Defendant's policies and procedures regarding harassment and discrimination prohibited by Title VII and related complaints are applicable to all employees;

(j) Defendant's record-creation and retention policies regarding documents related to complaints and investigations;

(k) the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers;

(l) investigative confidentiality;

(m) post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees; and

(n)  procedures for monitoring and auditing any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

29.  This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

30.  Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing.

31.  If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach.

32.  Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Southern District of West Virginia.

33.  The Commission, its agents and employees shall in their discretion have the legal authority to enter Defendant's facilities or work sites, with reasonable prior notice to the Defendant and its counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Decree. Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or

procedure permitted by Title VII or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

34.   All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of five (5) years immediately following entry of the Decree, provided, however, that if, at the end of the five (5) year period, any disputes under Paragraph 30, above, remain unresolved, the term of the Decree shall be automatically extended and the Court will retain jurisdiction of this matter to enforce the Decree by all available means, including but not limited to

injunctive relief and monetary and other sanctions, until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

35. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

36. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

37. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

38. When this Decree requires a certification by Mike Enyart & Sons, Inc. of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Mike Enyart & Sons, Inc.

39. When this Decree requires the submission by Mike Enyart & Sons, Inc. of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Mike Enyart & Sons, Inc. Title VII Settlement, Equal Employment Opportunity Commission, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

17

**APPROVED BY:**

**FOR MIKE ENYART & SONS, INC.:**

*Barbara G. Arnold*

BARBARA G. ARNOLD, ESQUIRE
MacCorkle Lavender & Sweeney, PLLC
300 Summers St., Ste. 800
Charleston, West Virginia 25332-3283
Telephone: (304) 344-5600
Fax: (304) 344-8141
Email: barnold@mlclaw.com

*Counsel for Defendant*
*Mike Enyart & Sons, Inc.*

*Michael Enyart*

MICHAEL ENYART
Owner of Defendant, and individually as
Guarantor under Paragraph 11 of this
Consent Decree
Fax: (740) 523-0237

**FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

JAMES LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*Debra Lawrence /mjc*

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

*Ronald Phillips / mjc*

RONALD L. PHILLIPS
~~ACTING~~ SUPERVISORY TRIAL ATTORNEY

*M. Jean Clickner*

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Equal Employment Opportunity
Commission
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 395-5843
Fax: (412) 395-5749
Email: jean.clickner@eeoc.gov

**IT IS SO ORDERED:**

*Irene C. Berger*

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

DATE:

October 6, 2010

R. BOOTH GOODWIN II
United States Attorney


**s/Stephen M. Horn**
STEPHEN M. HORN: 1788
Attorney for United States
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: steve.horn@usdoj.gov